Submitted on record and brief February 27, reversed April 14, 2004

Donnajo PUTZIER
and Richard Putzier,
*Respondents,*

*v.*

Steven Gabriel MOOS,
*Appellant.*

C0304-66CV; A121297

90 P3d 627

Kendra M. Matthews and Ransom Blackman LLP filed the brief for appellant.

No appearance for respondents.

Before Haselton, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In this neighbor-on-neighbor dispute, the trial court issued a permanent stalking protective order (SPO) against Moos based on three incidents. We find that at least two of them cannot serve as the basis for the order. Because more than one incident is required, we reverse.

■■ To obtain a stalking protective order, a party must prove by a preponderance of the evidence that the alleged stalker engaged in more than one unwanted contact with the victim and that the contacts created a reasonable apprehension of physical harm. ORS 30.866. If the contact involves expression protected under Article I, section 8, of the Oregon Constitution, it must amount to a threat that "instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *State v. Rangel*, 328 Or 294, 303, 977 Or 379 (1999) (stating standard for criminal stalking); *see also Hanzo v. deParrie*, 152 Or App 525, 542, 953 P2d 1130 (1998), *rev den*, 328 Or 418 (1999) (standard for civil stalking and criminal stalking are the same). The threat must "express[ ] *to the addressee* the intention that it will be carried out, and that the actor has the ability to do so." *Rangel*, 328 Or at 306 (emphasis in original).

Reporting the facts of this case would serve no purpose. Suffice it to point out that two of the three contacts on which the trial court based the SPO involved obviously expressive conduct. One was a letter from Moos to petitioners, which, the trial court acknowledged, "does not threaten [petitioners] with any kind of physical harm." The second was contact between Moos and Richard Putzier's employer reporting alleged employment-related misconduct. Neither could be considered an unequivocal threat, addressed to petitioners, of imminent, serious physical harm.

Reversed.